IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE DAVIDS, § | | |
|     *Plaintiff*, § | | CIVIL ACTION NO.: |
| § | | 4:21-cv-3152 |
| v. § | | |
| § | | |
| REGIONS FINANCIAL § | | |
| CORPORATION, § | | JURY DEMANDED |
|     *Defendant*. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

**NOW COMES** Plaintiff Julie Davids ("Plaintiff") and files this Original Complaint complaining of and about Defendant Regions Financial Corporation ("Defendant"), and respectfully showing to the Court as follows:

**I.   PARTIES**

1. Plaintiff Julie Davids is an individual residing in Montgomery County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant Regions Financial Corporation is a foreign for-profit corporation conducting business in the State of Texas.

3. Defendant may be served with process through its registered agent, Corporation Service Company d/b/a Lawyers Incorporating Service Company, as reflected in the Texas Secretary of State records, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's causes of action arises under a federal statute, 42 U.S.C. § 2000(e)(2), Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000(e)(k) and 29 U.S.C. § 2615 of the Family Medical Leave Act ("FMLA").

5. Moreover, venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this federal district.

## III. NATURE OF ACTION

6. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) and 2000e-3(a), and the Pregnancy Discrimination Act of 1978 42 U.S.C. § 2000(e)(k), as amended, to correct and recover for Defendant's unlawful employment practices, including damages from Plaintiff's termination, on the basis of Plaintiff's sex (female), and pregnancy.

7. This action also further seeks to recover damages from Defendant's violation of the Texas Commission on Human Rights Act ("TCHRA"). Specifically, Plaintiff complains that Defendant discriminated against her on the basis of her sex (i.e., female) and pregnancy. Defendant lacks any legitimate non-discriminatory reason to terminate Plaintiff. Lastly, Plaintiff can establish that her similarly situated male, nonpregnant counterparts were treated more favorably in violation of TCHRA.

## IV. EXHAUSTION OF ADMINSTRATION REMEDIES

8. On May 20, 2020, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 460-2020-04078). Thereafter, on

June 30, 2021, the EEOC issued Plaintiff her Notice of Right Sue. Plaintiff files this lawsuit within ninety (90) days of receiving her Notice of Right to Sue.

## V.   FACTS

9. On June 13, 2018, Plaintiff accepted a position with Defendant as the Vice President Branch Manager at the Conroe, Texas location. Prior to working with Defendant, Plaintiff gained valuable experience in the banking industry, which is why she was brought in as the Vice President Branch Manager. Plaintiff believed that she would be an asset to Defendant and she would have an opportunity to grow in her position.

10. Upon being hired, Plaintiff was tasked to conduct a financial wellness presentation in Louisiana with Sahar Haidari ("Ms. Haidari"), a wealth advisor. Robert Lindsey ("Mr. Lindsey"), the Financial Wellness Program Manager, communicated to Plaintiff and Ms. Haidari what was expected of them at the presentation. Soon after the presentation in Louisiana, the environment at Regions began to take a downward spiral for Plaintiff. Mr. Lindsey contacted Plaintiff and berated her and Ms. Haidari, stating that in his opinion the presentation did not go well. Plaintiff believes that after this presentation; there was a target placed on her back which led to the discriminatory treatment towards females by her superiors.

11. Soon after the Louisiana presentation, Plaintiff sought to receive an Elite Team Certification, which would allow her to better manage her branch. Plaintiff learned from Matt Richardson ("Mr. Richardson") that Mr. Lindsey called him and told him explicitly that Plaintiff should not receive any certification nor move up in the company. Mr. Richardson defied the order from Mr. Lindsey and certified Plaintiff on June 28, 2019. Plaintiff's certification demonstrates that she was going to be an asset. However, supervisors for Defendant wanted to ensure that

Plaintiff was never successful and attempted to punish Mr. Richardson for disobeying Mr. Lindsey's orders.

12. The discriminatory practices of Mr. Lindsey can be reflected by Defendant's workplace culture, which commonly shows that women were treated more unfavorably compared to their male counterparts. There was not one instance, during Plaintiff's tenure, where a male employee was ordered not to be Elite Team Certified. Mr. Lindsey was adamant that Plaintiff lacked the knowledge to perform well. However, based on Plaintiff's performance during her first few months; her numbers tell a different story.

13. During Plaintiff's tenure, she was successful in taking her branch from the third quarter of performance amongst branches to the top ten percent. Plaintiff took pride in customer service and assuring that she fulfilled all her client's needs.

14. On September 9, 2019, Plaintiff ordered checks for a client-customer, which were rejected on September 23, 2019, because the checks were originally sent to the wrong address. Furthermore, when the checks finally came in, they did not come with the requisite binder that typically came with the checks. Ultimately, it took a month and a half for the client-customer to receive his binder and checks. On October 8, 2019, Plaintiff reordered the checks that were returned. Following Defendant's employee handbook, Plaintiff refunded the fee for the checks because this was a bank error and an inconvenience for the client-customer. For the next month, Plaintiff continued to work as normal and there were no immediate signs that her actions were against company policy.

15. On November 15, 2019, Plaintiff gave Defendant notice that she was pregnant. Immediately after she gave notice of her pregnancy, Defendant began an investigation based on

her refunding the fee for the client-customer back in October 2019. The investigation was led by Nicole Cooper ("Ms. Cooper") and Plaintiff was again being targeted by her superiors.

16. Plaintiff was accused of refunding a fee for a friend or family member. Defendant stated that an account called "Autodynamica" was opened by either Plaintiff or her husband, who worked for Defendant at the time. However, a credible investigation would have discovered that Plaintiff did not open the account and was unaware that her husband's name was on any business documents at the time she refunded the checks. Plaintiff's husband's Manager, Oscar Silva, and Human Resources Representative, Nicole Cooper, failed to upload any or all documents in order to protect the employees at The Woodlands, Conroe, and Springwood branches.

17. Furthermore, Defendant decided that Plaintiff's actions violated the company's business code of conduct. Defendant's subsequent actions had a discriminatory intent based on the fact that Plaintiff gave notice of her pregnancy hours before an investigation on her actions from a month prior was conducted. As with any banking institution, these fees and actions by employees are documented daily, yet Plaintiff's actions were not investigated until a month later.

18. It is apparent that Plaintiff was being targeted by her superiors, which meant any miniscule action could lead to termination. From the beginning of her employment, her superiors had a discriminatory motive to tarnish her reputation and ability to perform her job. From the inception of her employment with Defendant, Plaintiff was an asset, which is why Defendant offered her an Elite Team Certification. Plaintiff never received any negative performance reviews and Plaintiff proved she was an asset after she was able to make her branches one of the top performing branches in the area.

19. On December 2, 2019, Plaintiff's employment with Defendant ended abruptly when she was terminated from her job two (2) weeks after she made Defendant aware that she was pregnant.

For some time now, Defendant has condoned a discriminatory work environment against her without nay recourse or any rectification of their actions. As a result, Plaintiff has suffered mental and physical stress that has perpetually affected her daily life. Plaintiff has suffered great distress and hardship because she wanted to work for Defendant long into the future, but she was terminated and not offered the benefits that were owed to her. Plaintiff has suffered mental and physical stress each day since her termination. Plaintiff has lost multiple opportunities to mitigate her damages with subsequent positions based on Defendant's reasoning for discharge.

20. Based on timing alone, Plaintiff believes that it is sufficient to infer a discriminatory motive by Defendant in its decision to terminate her employment. Plaintiff also believes there is sufficient evidence of a discriminatory motive to treat her unfavorable compared to her male counterparts. Immediately after Plaintiff gave notice of her pregnancy, she was discriminated and retaliated against by Defendant. There was not a credible investigation done internally because if there were similar issues with male employees it would have been resolved in a different manner.

21. Defendant lacks sufficient proof and evidence that Plaintiff would have been terminated but for her receiving Elite Team Certification, without Mr. Lindsey's permission and notice of her pregnancy. Furthermore, there is sufficient proof to show that other similarly situated male employees were treated more favorably compared to Plaintiff. For example, Plaintiff alleges Mr. Lindsey would belittle women and try to force them out of their positions. Plaintiff's Title VII gender discrimination and pregnancy discrimination act claims are viable.

## VI. CLAIMS FOR RELIEF

### CLAIM 1 – TITLE VII SEX DISCRIMINATION

22. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

23. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her sex (i.e., female).

24. Plaintiff can successfully establish prima facie case of sex discrimination under Title VII, 42 U.S.C. § 2000(e)(2). As a female, Plaintiff is a member of a protected class.

25. Based on Plaintiff's prior work history and performance there is no doubt she was qualified for her position and suffered an adverse employment action when she was terminated from her employment due to her sex (female).

26. Defendant had no legitimate non-discriminatory reason to terminate Plaintiff. Plaintiff can establish that similarly situated male counterparts were treated more favorably.

27. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affects her status because of the Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964.

## CLAIM 2 – TCHRA SEX DISCRIMINATION

28. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

29. Defendant intentionally engaged in unlawful employment practices against Plaintiff on the basis of her sex in violation of Section 21.001 et seq. of the Texas Labor Code.

30. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affects her status because of the Plaintiff's sex in violation of Section 21.001 et seq. of the Texas Labor Code.

## CLAIM 3 – VIOLATION OF PREGNANCY DISCRIMINATION ACT

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act, bars an employer from discriminating against an employee on the basis of sex, including discrimination based on the employee's pregnancy. 42 U.S.C. § 2000e(k).

33. Plaintiff was pregnant at the time of termination. When Plaintiff informed her co-workers and supervisors that she was pregnant, Defendant launched an investigation against Plaintiff that ultimately led to her termination.

34. Defendant accommodated other non-pregnant employees with physical accommodation needs and did not terminate them. Defendant's supposed reason for terminating Plaintiff was pretextual. Any investigation that was conducted months after the incident creates an inference that Plaintiff's notice of pregnancy gave Defendant motive to discriminate against her.

35. By terminating Plaintiff on the basis of her pregnancy, Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act.

## CLAIM 4 – FMLA RETALIATION

36. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37. Pursuant to 29 U.S.C. § 2615 Plaintiff pleads a cause of action against the Defendant for retaliation for engaging in protected activity under the FMLA.

38. Defendant is a covered employer who employees more than fifty (50) employees.

39. Plaintiff was employed with Defendant for at least twelve (12) months.

40. Plaintiff faced adverse employment action when she was terminated within a week after inquiring about taking FMLA leave because she was pregnant.

41. Moreover, based on the close proximity in time between Plaintiff's FMLA notice and her subsequent termination it can be inferred that the adverse decision was made because she gave FMLA notice in violation of 29 U.S.C. § 2615.

## VII. JURY DEMAND

42. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

## VIII. PRAYER

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to lost wages, back and future pay, reinstatement, upgrading, and compensation for benefits not received;

   b. Past physical pain and mental suffering;

   c. Present physical pain and mental suffering;

   d. Future physical pain and mental suffering

   e. Compensatory damages;

   f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

   g. Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

    h.  Pre-judgment interest at the highest rate permitted by law;

    i.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    j.  Costs of Court; and

    k.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully Submitted,

kennard law P.C.

_____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
Eddie Robert Hodges, Jr.
Texas Bar No.: 24116523
Southern District No.: 3479748
5120 Woodway Dr., Ste. 10010
Houston, Texas 77056
Tel.: (713) 742-0900
Fax: (832) 558-9412
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com

**ATTORNEYS FOR PLAINTIFF**